United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
HeChung and Michael Huszti,　　　　　　　　　　　　　Case No. 10-65758-R
　　　　　Alleged Debtors.　　　　　　　　　　　　　　　Chapter 7
_____/

Opinion and Order Regarding Motion for Attorney Fees and Costs

On August 16, 2010, petitioning creditors William Huszti, Anna Chong Huszti and BAM Investment Group, LLC, filed an involuntary petition against Michael and HeChung Huszti.

On September 8, 2010, the alleged debtors filed a motion to dismiss. The Court denied the motion to dismiss on September 27, 2010. The alleged debtors filed an appeal.

The district court reversed the denial of the motion to dismiss, concluding that the petitioning creditors did not meet the requirement that the case be filed by three or more entities. Accordingly, on September 12, 2011, the case was dismissed.

The alleged debtors now seek costs and attorney fees in the amount of $6,750.00 pursuant to 11 U.S.C. § 303(i)(1). The alleged debtors also seek an order requiring the petitioning creditors to cease all collection actions until their attorney fees and costs are paid.

I.

Section 303(i) provides:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
>
> > (1) against the petitioners and in favor of the debtor for—

> (A) costs; or
> (B) a reasonable attorney's fee.

11 U.S.C. § 303(i)(1).

It is within the Court's discretion whether to award attorney fees and costs. *In re DSC, Ltd.*, 387 B.R. 174, 177 (Bankr. E.D. Mich. 2008). However, a majority of courts have held that there is a presumption in favor of awarding costs and reasonable attorney's fees under § 303(i)(1). *In re Skyworks Ventures, Inc.*, 431 B.R. 573, 576 (Bankr. D.N.J. 2010); *In re Diloreto*, 388 B.R. 637, 647–48 (Bankr. E.D. Pa. 2008); *In re Landmark Distribs.*, 189 B.R. 290, 307 (Bankr. D.N.J. 1995).

> Under the "presumption" approach, to avoid liability for attorney's fees, the petitioning creditors bear the burden of establishing that factors exist that overcome the presumption in favor of awarding attorney's fees under § 303(i) and that, based upon the totality of the circumstances, no attorney's fees should be awarded. Among the factors a court may consider in determining whether a petitioning creditor has overcome the presumption in favor of an award of fees under § 303(i) are:
> (1) the merits of the involuntary petition; (2) the reasonableness of the actions of the petitioning creditors; (3) the motivation and objectives behind the filing of the petition; and (4) any improper behavior of the debtor.

*In re Express Car & Truck Rental, Inc.*, 440 B.R. 422, 431-32 (Bankr. E.D. Pa. 2010).

The petitioning creditors argue that the alleged debtors were dishonest in dealing with them. The Court concludes that this allegation is insufficient to overcome the presumption in favor of awarding attorney fees. Accordingly, the Court concludes that fees should be awarded under 11 U.S.C. § 303(i)(1).

The petitioning creditors do not contend that the amount requested is unreasonable and the Court concludes that it is reasonable.

Accordingly, the alleged debtors' request for attorney fees and costs in the amount of $6,750 is granted.

The alleged debtors also request an order requiring the petitioning creditors to cease all

collection actions against them until their attorney fees and costs are paid. There is no authority for this and therefore the request is denied.

It is so ordered.

Not For Publication

**Signed on November 23, 2011**

                                                  /s/ Steven Rhodes
                                         **Steven Rhodes**
                                         **United States Bankruptcy Judge**